IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDDIE BEAVERS,

                    Plaintiff,                                    CV F 05 0925 LJO WMW P

          vs.                                                     ORDER DIRECTING PLAINTIFF
                                                                  TO RETURN USM 285 FORM TO THE
                                                                  COURT

OFFICER ORTEGA, ,

                    Defendant.

          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28

U.S.C. § 636(b)(1).

          This action proceeds on the original complaint.  Plaintiff, an inmate in the custody

of the California Department of Corrections at the Deuel Vocational Institute in Tracy, brings

this civil rights action against defendant Officer Ortega of the Merced County Sheriff's

Department.

          Plaintiff alleges that on December 22, 2004, while housed in the Merced County

Jail, Officer Ortega sprayed him directly in the eyes with pepper spray.  Plaintiff alleges that he

did not "provoke nor did I resist, cause I hadn't did nothing."

          Plaintiff does not indicate whether he was a pretrial detainee or he was under a

1  judgment of conviction.   If  Plaintiff was a pretrial detainee at the time,  his claim of excessive

2  force would be governed by the Fourth Amendment.

3          The amount of force necessary to effect an arrest is measured by a standard of
           "reasonableness" standard derived from the Fourth Amendment.  Graham, 490
4          U.S. at 392.
           Determining whether the force used to effect a particular seizure is
5          "reasonable" under the Fourth Amendment requires a careful
           balancing of "'the nature and quality of the intrusion on the
6          individual's Fourth Amendment interests'" against the
           countervailing governmental interests at stake.  [Citations omitted.]
7          ... Because "[t]he test of reasonableness under the Fourth
           Amendment is not capable of precise definition or mechanical
8          application," [citation omitted], however, its proper application
           requires careful attention to the facts and circumstances of each
9          particular case, including the severity of the crime at issue, whether
           the suspect poses an immediate threat to the safety of the officers
10         or others, and whether is actively resisting arrest or attempting to
           evade arrest by flight.

11  Id. at 1871-2.

12          Under the Eighth Amendment, to constitute the "unnecessary and wanton

13  infliction of pain" in the prison context, the United States Supreme Court requires that both the

14  objective and subjective component of the Eighth Amendment be satisfied.  Wilson v. Seiter, 501

15  U.S. 294 (1991).  First, the deprivation complained of must be sufficiently serious by objective

16  standards.  Id. 501 U.S. at 297.  A deprivation is sufficiently serious if it denies "'the minimal

17  civilized measure of life's necessities.'"  Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347

18  (1981) (violation requires showing of unnecessary and wanton infliction of pain resulting in a

19  physical injury which is of such base, inhumane and barbaric proportions as to shock the

20  sensibilities)).  See Hudson v. McMillian, 503 U.S.1,(1992) (objective prong not met where

21  injury is de minimus); but see, Jordan v. Gardner, 986 F.2d 1521 (9th Cir. 1993) (Hudson

22  substantial injury requirement met by psychological harm alone, such that body searches of

23  female inmates by male guards constitutes cruel and unusual punishment).

24          Second, the prison officials responsible for the deprivation must act with a sufficiently

25  culpable state of mind by subjective standards.  Id.  To be sufficiently culpable, "the offending

26

2

conduct must be <u>wanton</u>."  <u>Wilson</u>, 501 U.S. at 299.  In situations where officials are not acting

under pressure, "deliberate indifference" constitutes wantonness.  <u>Id.</u> at 299-300.   Where a

prison security measure is undertaken to resolve a disturbance, the question of whether the

measure taken inflicted unnecessary and wanton pain and suffering in violation of the Eighth

Amendment turns on whether force was applied in a good faith effort to maintain or restore

discipline, or maliciously and sadistically for the purpose of causing harm.  <u>Whitley v. Albers</u>,

475 U.S. 312, 320-21 (1986).

Here, Plaintiff alleges that the attack was unprovoked.  Construing the facts of the

complaint in a light favorable to Plaintiff, he has stated a claim as to Officer Ortega.

Accordingly, it is HEREBY ORDERED that:

1.    Service is appropriate for the following defendants:

OFFICER ORTEGA

2.    The Clerk of the Court shall send plaintiff one  USM-285 form, one summons, a

Notice of Submission of Documents form, an instruction sheet and a copy of the

complaint filed June 29, 2005.

3.    Within **thirty (30) days** from the date of this order, plaintiff shall complete the

attached Notice of Submission of Documents and submit the completed Notice to

the court with the following documents:

a.    Completed summons;

b.    One completed USM-285 form for each defendant listed above; and

c.    Two copies of the endorsed complaint filed June 29, 2005.

4.    Plaintiff need not attempt service on defendants and need not request waiver of

service.  Upon receipt of the above-described documents, the court will direct the

United States Marshal to serve the above-named defendants pursuant to Federal

Rule of Civil Procedure 4 without payment of costs.

1    5.    The failure to comply with this order will result in a recommendation that this

2         action be dismissed.

3              IT IS SO ORDERED.

4    **Dated:    March 19, 2007**                    /s/  **William M. Wunderlich**
     j14hj0                              UNITED STATES MAGISTRATE JUDGE